WILLIAMS, J.
(dissenting).—The facts are undisputed, and are as follows: August 11, 1896, the bank superintendent, having examined the affairs of the bank, arrived at the conclusion not only that there had been an impairment of the capital, and that the bank was in an unsound and unsafe condition to do banking business, but that it was insolvent, its liabilities exceeding its assets by more than $230,000, and it had closed its doors, and suspended its ordinary and lawful business. Thereupon the bank superintendent on that day took possession of the property and business of the bank, under the provisions of section 17, c. 689, of the banking act of 1892. Thereafter, and on the 28th of August, 1896, the directors instituted proceedings for the voluntary dissolution of the bank, under the provision of section 2419 et seq., Code Civ. Proc. A petition was' made by the majority of the directors, and upon such petition and accompanying papers an order was made by a justice of the court on that day, directing the attorney general of the state to show cause September 1, 1896, at a special term in New York City, why the usual order should not be granted *1289 requiring all persons interested in the bank to show cause why the bank should not be dissolved, and why a temporary receiver should not be appointed, and directing the order to show cause to be served upon the attorney general on or before August 29, 1896. August 31, 1896, the attorney general prepared a summons and complaint, and had the latter verified in an action in the name of the people against the bank, to procure the dissolution, and the appointment of a receiver. On the return of the order to show cause, September 1, 1896, the matter was heard at special term in Hew York City, Mr. Justice Pryor presiding. The attorney general objected to the making of any order in the proceedings, and especially to the appointment of any receiver, by reason of the bank superintendent having taken possession of the books, papers, and •assets of the bank, under the provisions of section 17 of the banking act. The court, however, made an order September 2, 1896, from which order this appeal is taken. The statute under which the bank superintendent took possession of the property (Banking Act .1892, § 17) provides that the bank superintendent may take possession of the property, and retain such possession until the termination of the action or proceedings instituted by the attorney general, such as are authorized in the case of insolvent corporations. Discretion was, then, clearly given to the bank superintendent, which he had the right to exercise, and which the court had no power to deprive him of. The banking act is an act relating solely to banks, while the provisions of the Code of Civil Procedure relate generally to all corporations, and provide proceedings for their voluntary dissolution. The banking act was the later expression of the legislative will, and it provides a scheme especially for the care of banks. So far as its provisions are inconsistent or conflict with the general provisions of the Code, the latter provisions must be held to be modified, and must give way. 'Clearly, the scheme of section 17 was to give the bank superintendent, in his discretion, the custody and control of the property of a bank ¡lending proceedings by action or otherwise instituted by the attorney general, He exercised the discretion, and took possession of this property, and had them in his custody when the proceedings for voluntary dissolution were commenced. 'The directors of the bank apparently conceived the idea of influencing the closing up of the bank and taking the property away from the bank superintendent, and they sought to make use of the proceedings for voluntary dissolution to accomplish their purpose. It seems to me they could not accomplish their purpose by any such means. While the provisions of the Code .as to the voluntary dissolution of corporations very likely apply to banks as well as other corporations, still they must give way in the case of banks to these provisions of the banking law which are inconsistent or in conflict with them. It may be doubtful if the proceedings for voluntary dissolution ,could be instituted at' all, under the provisions of the Code, *1290 after the property and business of the bank had been taken possession of and were held by the bank superintendent; the provision being “ that a majority of the directors, trustees, and other officers having the management of the concerns of a corporation may make a petition,” etc. But, even if they could be, still the court had no power in such proceedings to appoint-receivers, or compel the delivery of1 the property and assets of the bank to such receivers, without the consent of the bank superintendent. The banking law confers the power upon the bank superintendent to determine whether he should hold the property to await the determination of the proceedings instituted by the attorney general, and the court could not, in these proceedings, interfere with the custody and control of the property by the bank superintendent without his consent. The bank superintendent was regarded by the legislature as more competent, from his position and knowledge of banking matters, to determine this question, than the court; and the clear design of the banking act was to leave this question to him, and not.to the court.
For these reasons I am of the opinion that the order appealed from should be reversed, with costs, and the motion denied, with costs; or that the order appealed from should be modified by striking out all provisions as to the receivers, and, as modified, affirmed, without costs.